# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER JOHNSON; ROBERT JOHNSON; and MARY JANE DEAN, <br><br>  Plaintiffs, <br> vs. <br> UNITED STATES OF AMERICA, <br><br>  Defendant. | CASE NO. 11cv1378 JM(MDD) <br><br> ORDER GRANTING MOTION TO DISMISS |

Defendant the United States of America ("USA") moves to dismiss the claims of Plaintiff Mary Jane Dean ("DEAN") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dean opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss Dean as a party with prejudice.

## BACKGROUND

This is one of several actions pending before this court and involving the crash of a Navy/Marine Corps F/A-18 jet in a residential area near the Marine Corps Air Station Miramar on December 8, 2008. (Compl. ¶18). Plaintiff Dean's home is in the vicinity of the crash site. Her home suffered property damage. (Braley Decl. Exh. A).

On September 21, 2009 Dean filed an administrative claim with the Department of the Navy using Standard Form 95 ("SF 95"). The administrative claim identified property damage in the amount of $9,900 and in the section provided for personal injury claims, Plaintiff responded N/A ("Not

1  Applicable"). Id. Immediately before the signature, the SF 95 provides: "I CERTIFY THAT THE
2  MOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE
3  ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND
4  FINAL SETTLEMENT OF THIS CLAIM." Id. Dean executed the SF 95. Id.

5       On or about November 9, 2009 the Department of the Navy approved the settlement and
6  provided Dean with an Approval of Claim and Settlement Agreement ("Settlement Agreement").
7  Dean executed the Settlement Agreement on November 2nd and the USA on November 24, 2009.
8  Among other things, the Settlement Agreement provides that the parties agree "to settle and
9  compromise each and every claim of any kind, whether known or unknown, arising directly or
10 indirectly from the acts or omissions that gave rise" to Dean's claim.  (Id. ¶1).  The Settlement
11 Agreement also provided that the payment of $9,900 would satisfy the entirety of Dean's claim
12 including "foreseen and unforeseen bodily and personal injuries." (Id. ¶4). The Settlement Agreement
13 also specifically referred to California Civil Code Section 1542 (providing that a general release does
14 not extend to unknown claims); and Dean expressly waived the limitations of a general release under
15 Civil Code §1542. The provision also advised Dean that she could consult with an attorney prior to
16 signing the agreement. Id.

17      One year later, on November 26, 2010, Dean submitted a second SF 95 seeking additional
18 compensation for the injuries sustained on December 8, 2008. (Braley Decl. Exh. C). Dean sought
19 $600,000 for her personal injuries. Id. By letter dated December 22, 2010, the Department of the
20 Navy denied the claim noting that the Settlement Agreement satisfied Dean's claims. (Braley Decl.
21 Exh. D).

22      In light of the above identified factual record, USA moves for dismissal of Dean's action on
23 the ground that federal law prevents Dean from asserting any claim encompassed within the Settlement
24 Agreement. Dean opposes the motion.

25 **DISCUSSION**
26 The FTCA
27      The FTCA provides for a limited waiver of sovereign immunity. Se 28 U.S.C. §§2671 et seq.
28 As a prerequisite to filing suit, a claimant must pursue and complete the administrative claims

procedures. 28 U.S.C. §2675(a). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). The administrative claim requirement is jurisdictional and cannot be waived. Id.

Once a claim is favorably adjudicated, claimant cannot pursue a claim against the United States. Schwarder v. United States, 974 F.2d 1118, 1124 (9th Cir. 1992). In Schwarder, the Ninth Circuit discussed the applicability of state law to FTCA actions. While recognizing that state law complements the FTCA, the Ninth Circuit concluded, "as a matter of federal law, that an administrative settlement reached pursuant to section 2672 bars further claims by the settling party, without regard to the effect it would have as a matter of state law." Id. The applicable FTCA provision provides:

> The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States ... by reason of the same subject matter.

28 U.S.C. §2672.

Here, USA comes forward with sufficient evidence to show that Dean reached an administrative settlement with the Department of the Navy and that any transactionally related claims, like those identified in Dean's second administrative claim, are barred by operation of 28 U.S.C. §2672. The record reveals that Dean waited ten months after the accident before filing the first administrative claim.[1] On the SF 95, Dean listed her total property damages as $9,900 and responded "N/A" for personal injuries. The Government reached a Settlement Agreement with Dean in which the parties agreed "to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to" Dean's administrative claim. (Braley Decl. Exh. B). Moreover, the Settlement Agreement provided that the amount of the settlement would satisfy the entirety of Dean's claims including "foreseen and unforeseen bodily and personal injuries." Id.

The court concludes that the release contained in the settlement agreement is valid and binding

---

[1] The court highlights that Dean had ten months in which to assess her property and personal injuries. This is not a case where the parties rushed to obtain a settlement. Dean had many months to contemplate, deliberate, and seek advice on the nature of her injuries and the administrative claims procedures of the FTCA.

under either federal or state law.  Under either state or federal law, a settlement agreement procured by "fraud" is not enforceable.  28 U.S.C. §2672.  As state law principles complement the FTCA, Schwarder, 974 F.2d at 1124, Dean argues that the Settlement Agreement was obtained as a result of *fraud in the factum*.  The *fraud in the factum* argument rings hollow.  In broad brush, *fraud in the factum* is defined as "[m]isrepresentation as to the nature of a writing that a person signs with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms."  Black's Law Dictionary 661 (6th ed. 1990).  Stated another way, where a releasor "is under a misapprehension, not of his own neglect, as to the nature and the scope of the release, and if this misapprehension was induced by the misconduct of the releasee, then the release, regardless of how competently worded, is binding only to the extent actually intended by the releasor." Casey v. Proctor, 59 Ca.2d 97, 103 (1963).

>Dean simply falls woefully short of demonstrating fraud.  Dean argues that the following misrepresentation, contained in a cover letter accompanying the transmission of the SF 95, constitutes a material misrepresentation:

> Claims for property damage and/or personal injury or wrongful death caused by the negligence of a government employee acting within the scope of employment are payable under various federal statutes. . . . In order for us to adjudicate your claim fairly and quickly, please fill out the SF-95 according to the following directions.

(Dean Exh. 3).  According to Dean, the introductory paragraph of the cover letter is materially misleading because she reasonably believed, based on the "and/or" language, that she could file the property claim, and then, at some unidentified future point in time, she could submit a separate claim for personal injury.  The court rejects Dean's argument that this provision is materially misleading.  Not only does Dean seek a strained interpretation of this introductory paragraph, but the claim form submitted by Dean specifically disclaimed any personal injury or wrongful death.  The claim form clearly and concisely disclaims any personal injury. The instructions specifically informed Dean to indicate N/A if she did not claim "personal injury or wrongful death."  (Dean Exh. 3 ¶10).  With respect to personal injury, Dean disclaimed any such injury.  The court further rejects Dean's argument because, not only does Dean fail to establish any misconduct on the part of USA, but the language in the Settlement Agreement specifically advised her that the contemplated settlement compromised any

claim, known or unknown, including "foreseen and unforeseen bodily and personal injuries." (USA Exh. B ¶4).

In sum, viewing the entirety of the record, Dean fails to present any evidence that the Settlement Agreement was procured by fraud. Accordingly, the court grants the motion to dismiss Dean as a party to this action with prejudice.

**IT IS SO ORDERED.**

DATED: February 21, 2012

Hon. Jeffrey T. Miller
United States District Judge

cc:       All parties